Troutman Pepper Hamilton Sanders LLP
600 Peachtree St., Suite 3000
Atlanta, GA 30308

troutman.com




**Lindsey B. Mann**
lindsey.mann@troutman.com
404.885.2743

May 5, 2022

**VIA ECF**

The Honorable Victor Marrero
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

**Re: *Aneisha Pittman, et al. v. Chick-fil-A, Inc.*, No.: 1:21-cv-08041-VM (S.D.N.Y.)**

Dear Judge Marrero:

We represent defendant Chick-fil-A, Inc. ("CFA") in the above-referenced action filed by plaintiffs Aneisha Pittman and Susan Ukpere (together, "Plaintiffs"). On January 14, 2022, CFA filed pre-motion letter exchanges regarding CFA's proposed motion to dismiss and to strike. Dkt. 19. On April 28, the Court issued an order directing the parties "to submit supplemental letters, not to exceed two pages, addressing whether the Amended Complaint adequately alleged a violation of Section 349 [of the New York General Business Law]" and instructing CFA to submit its letter by May 5. Dkt. 21. For the reasons set forth below, the Amended Complaint fails to state a claim under Section 349. The Court thus should dismiss the Amended Complaint in its entirety.

Section 349(a) prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in [New York]." A plaintiff must allege three elements to state a claim under Section 349: "[F]irst, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Stutman v. Chem. Bank*, 95 N.Y.2d 24, 29 (2000).

With respect to the second element, plaintiffs must allege that the challenged act is "likely to mislead a reasonable consumer acting reasonably under the circumstances." *Id.* (citation omitted); *see also Sokolski v. Trans Union Corp.*, 53 F. Supp. 2d 307, 315 (E.D.N.Y. 1999) ("Section 349 is violated, not when the least sophisticated consumer would be confused, but when a reasonable consumer would have been misled by defendant's conduct." (citation omitted)). This Court has recognized that "'[i]t is well settled that a court may determine as a matter of law that an allegedly deceptive advertisement would not have misled a reasonable consumer.'" *Civello v. Conopco, Inc.*, 2021 U.S. Dist. LEXIS 231922, at *6 (S.D.N.Y. Dec. 3, 2021) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)).

Courts regularly dismiss Section 349 claims where a reasonable consumer would not construe a challenged statement as implying additional information not stated on the product. For example, in *Twohig v. Shop-Rite Supermarkets, Inc.*, 519 F. Supp. 3d 154 (S.D.N.Y. 2021), a court in this District joined five other courts in the District (including this Court) in dismissing claims




alleging that the statement "vanilla" was misleading because the plaintiff believed that the product contained "predominately or exclusively . . . natural vanilla." *Id.* at 161. The *Twohig* court reasoned that "vanilla" "does not contain qualifying words that would lead a reasonable consumer to believe that vanilla from vanilla beans is the exclusive or predominant flavor ingredient." *Id.* at 162. The First Department Appellate Division of the Supreme Court of New York similarly concluded as a matter of law that it was unreasonable for a consumer to infer that billed costs for "shipping and handling" constituted the defendant's "actual shipping and handling costs." *Zuckerman v. BMG Direct Mktg.*, 290 A.D.2d 330, 330–31 (2002).

As to the third element, plaintiffs must allege injury distinct from the alleged deception—that is, "the price of the product was inflated as a result of defendant's deception or that use of the product adversely affected plaintiff's health." *Baron v. Pfizer, Inc.*, 42 A.D.3d 627, 629 (2007). "Simply alleging that a plaintiff would not have purchased the product but for the deceptive practices, is, alone insufficient" to allege injury, and courts regularly dismiss such claims. *Dacorta v. AM Retail Grp., Inc.*, 2018 U.S. Dist. LEXIS 10733, at *16–17 (S.D.N.Y. Jan. 23, 2018); *accord Irvine v. Kate Spade & Co.*, 2017 U.S. Dist. LEXIS 164165, at *9–12 (S.D.N.Y. Sept. 28, 2017). "In the absence of facts related to the value o[f] the purchased product, or how the product fell short of what it purported to be, the Amended Complaint only reflects Plaintiffs['] subjective disappointment" and fails to allege injury. *Dacorta*, 2018 U.S. Dist. LEXIS 10733, at *18.

The Amended Complaint fails to state a Section 349 claim for two separate reasons. *First*, Plaintiffs fail to allege a deceptive act. Plaintiffs inappropriately recharacterize the statement "Delivery Fee" as "promises of a flat fee . . . delivery charge," Dkt. 16 ¶¶ 33–34, which excludes other "food markups applied exclusively to delivery orders," *id.* ¶ 73. The statement "Delivery Fee" "does not contain qualifying words that would lead a reasonable consumer to believe" that other delivery-related costs are not included in the product total—the total amount which Plaintiffs concede was disclosed prior to their purchase, *id.* ¶ 33. *Twohig*, 519 F. Supp. 3d at 162. A reasonable consumer would not infer that the statement "Delivery Fee" excludes other costs that may be applied to delivery orders. *Id.*; *see also Zuckerman*, 290 A.D.2d at 330–31.

*Second*, Plaintiffs fail to allege injury. Plaintiffs do not allege that they received food worth less than the amount they agreed to pay because of the challenged conduct. Instead, each Plaintiff alleges only that she "would not have made the purchase had she known the Chick-fil-A delivery fee was not in fact $3.99 [or $2.99]," Dkt. 16 ¶¶ 51, 57, which fails to allege a cognizable Section 349 injury. *Dacorta*, 2018 U.S. Dist. LEXIS 10733, at *16–18; *Irvine*, 2017 U.S. Dist. LEXIS 164165, at *9–12; *Baron*, 42 A.D.3d at 629.

The remaining claims should be dismissed for the reasons set forth in CFA's pre-motion letters. Dkt. 19. Accordingly, the Court should dismiss the Amended Complaint with prejudice.

Sincerely,

*/s/ Lindsey B. Mann*
Lindsey B. Mann