

Shamis & Gentile, P.A.
14 NE 1ˢᵗ Ave, Suite 705 • Miami, FL 33132
Telephone 305-479-2299 • Fax 786-623-0915

May 23, 2022

**VIA ECF**
The Honorable Victor Marrero
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

                **Re: *Pittman et al. v. Chick-fil-A, Inc.***
                **Civ. A. No.: 1:21-cv-08041-VM, Plaintiffs' Motion for Leave to Amend**

Dear Judge Marrero:

      In accordance with your Individual Rules of Practice II.B.1 and pursuant to Fed. R. Civ. P. 15(a)(2), please be advised that Plaintiffs intend to seek the Court's leave to amend the operative complaint, with new and more detailed allegations regarding the nature of, and reasons for the adoption of, Defendant's allegedly deceptive practice of inflating menu prices on delivery orders only, despite promises to provide "FREE" or flat, low-cost delivery services.

      Plaintiffs' counsel has discussed this matter with counsel for Chick-fil-A and has sent Chick-fil-A a copy of the proposed amended complaint. Defendant has indicated that it opposes Plaintiffs' request for leave to amend the complaint.

    **I.   Background**

        **A.  Procedural Posture**

      The operative complaint in this case was filed on December 13, 2021. Dkt. 16. The Court has not yet issued a Rule 16 scheduling order in this case.

      Pursuant to Rule II(B) of the Court's Individual Practice, Defendant submitted a letter on December 27, 2021, outlining its request to file a motion to dismiss certain claims in the operative complaint. Dkt. 17. Plaintiffs responsed on January 3, 2022. Dkt. 18. On April 28, 2022, the Court issued an order stating that "the parties letter exchange does not address whether the Amended Complaint have adequately alleged a violation of Section 349 of the New York



General Business Law ("Section 349"). The parties are directed to submit supplemental letters[.]" Dkt. 21.  The Parties have done so.  Dkt. 22, 23.

### II.     Plaintiffs' Request for Leave to Amend the Complaint Under Rule 15(a)

Plaintiffs intend to seek the Court's leave to amend the operative complaint under Rule 15(a)(2). In summary, the proposed amendments allege:

(1) Further details about Defendant's deceptive marketing and contractual representations, including that it sometimes promised "FREE" delivery;

(2) Defendant formerly offered a truthful, flat $4.99 delivery fee without inflating menu prices, but during the early days of the Covid-19 pandemic lowered the delivery fee and instead inflated menu prices;

(3) Defendant designed its app and website to make it impossible for users to decipher that it had secretly inflated menu prices on delivery orders only;

(4) Defendant adopted the menu price inflation practice because it was aware consumers preferred lower delivery fees.

Plaintiff's Rule 15(a) motion comes well-within the Rule's "liberal standard" which "instructs that leave to amend should be 'freely give[n] . . . when justice so requires.'" *Kairam v. W. Side GI, LLC*, 793 F. App'x 23, 28 (2d Cir. 2019). These proposed amendments—based on previously unknown information contained in Chick-fil-A's internal documents—are precisely the nature of amendments that Rule 15(a) permits. As the Second Circuit has made clear, such amendments "seeking to insert or correct matters about which parties . . . did not know are plainly within the scope of Rule 15(a)." *Hanlin v. Mitchelson*, 794 F.2d 834, 841 (2d Cir. 1986) (citing 6 Wright and Miller § 1474). *See also It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 339 (S.D.N.Y. 2010) (quoting *Smiga v. Dean Witter Reynolds, Inc.,* 766 F.2d 698, 703 (2d Cir. 1985)) ("The purpose of amending a pleading is 'to assert matters that were overlooked or were unknown at the time of the original complaint.'").

Chick-fil-A has indicated its opposition to the Rule 15(a) motion. But Chick-fil-A faces an uphill battle under its burden to demonstrate "undue" prejudice or bad faith. *See Rodriguez v. Town of Ramapo*, 412 F. Supp. 3d 412, 431 (S.D.N.Y. 2019) ("Although [p]rejudice to the opposing party . . . has been described as the most important reason for denying a motion to amend, only 'undue' prejudice warrants denial of leave to amend."). There is no prejudice here. Plaintiffs are not seeking to add a claim or party. Discovery has not even begun, thus the proposed amendments will not "require [Chick-fil-A] to expend significant additional resources to conduct discovery . . . ." *Id.* Furthermore, this case is hardly at the "eve of trial"; the Court has



yet to issue the Rule 16 schedule. *Id.* (quoting *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008)). Finally, while "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend," Plaintiffs have not delayed in bringing their Rule 15(a) motion. *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). Indeed, no pre-motion conference has occurred and no motion to dismiss has been filed.

For the foregoing reasons, Plaintiff's anticipated Rule 15(a) comes well-within the "liberal standard" for granting leave.

We thank Your Honor for your time and consideration.

Respectfully,

*/s/ Andrew J. Shamis*
Andrew J. Shamis, Esq.

cc: All counsel of record (*via* ECF)