**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/14/2022
```

ANEISHA PITTMAN and SUSAN UKPERE,

                Plaintiff,

- against -

CHICK-FIL-A, INC.,

                Defendant.

**21 Civ. 8041 (VM)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

    On December 27, 2021, and consistent with the Court's Individual Practices, counsel for defendant Chick-fil-A, Inc. ("CFA") sent counsel for plaintiffs Aneisha Pittman and Susan Ukpere ("Plaintiffs") a premotion letter identifying alleged deficiencies in the Amended Complaint that Plaintiffs filed in this action, and that would provide a basis supporting a motion to dismiss. (See Dkt. No. 17.) On January 3, 2022, also consistent with the Court's Individual Practices, counsel for Plaintiffs sent a four-page letter in response, opposing the grounds that CFA stated in favor of the proposed motion. (See Dkt. No. 18.) On January 14, 2022, the Court received a letter from CFA requesting a premotion conference, and asserting that the letter exchange did not resolve the dispute and thus failed to avoid motion practice at this stage of the proceedings. (See Dkt. No. 19.)

    After reviewing the above premotion letters, the Court found that the parties' letter exchange did not address whether the Amended Complaint adequately alleged a violation of Section 349 of the New

York General Business Law ("Section 349"), and ordered the parties to file supplemental letters, not to exceed two pages, addressing whether the Complaint alleged a violation of Section 349. (See Dkt. No. 21.)

Thereafter, on June 1, 2022, the Plaintiffs filed a letter motion seeking leave to file a Second Amended Complaint ("SAC"). (See Dkt. No. 28.) Also on June 1, 2022, CFA filed a letter asserting that the Plaintiffs' request for leave to file the proposed SAC should be denied because amendment would be futile since the proposed SAC, which appears aimed at bolstering the Section 349 claim, still fails to state a claim. (See Dkt. No. 31.) CFA also requested a conference for the Court to provide appropriate preliminary guidance or a ruling.

Upon review of the full set of premotion letters, the Court is unpersuaded that a premotion conference or further briefing is necessary to resolve the parties' dispute. In accordance with this Court's Individual Practices and Rule 7.1 of the Court's Local Rules, CFA may file a motion to dismiss which shall not exceed eight pages in length — single spaced and in 12-point font with 1-inch margins — unless, upon a party's request, the Court authorizes a larger number. The substance of such motion may not deviate materially from the basis for dismissal that CFA stated in its earlier premotion letters. In response, within seven (7) days of the filing of CFA's motion to dismiss, Plaintiffs may file their opposition, which similarly may not exceed eight pages — single spaced and in 12-point font with 1-inch margins. CFA may file a three-page reply within seven (7) days of the filing of the Plaintiffs' opposition.

**SO ORDERED.**

Dated:     June 14, 2022
           New York, New York

                                    _____
                                       Victor Marrero
                                         U.S.D.J.