UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- X
                                                               :

ANEISHA PITTMAN and SUSAN UKPERE,

                    Plaintiffs,

  -against-

CHICK-FIL-A, INC.,

                    Defendant.
------------------------------------- X

:    Civil Action No. 1:21-cv-08041-VM

:    Hon. Victor Marrero, U.S.D.J.


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CHICK-FIL-A, INC.'S MOTION TO
<u>DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT</u>**


Kalama M. Lui-Kwan
Daniel E. Gorman
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

Lindsey B. Mann (admitted pro hac vice)
Kathleen Campbell (admitted pro hac vice)
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900

*Attorneys for Defendant Chick-fil-A, Inc.*

**TABLE OF CONTENTS**

Page

LEGAL ARGUMENT ................................................................................................................. 1

    A.    Ms. Ukpere Has Not Made a Prima Facie Showing of Personal Jurisdiction ................................................................................................... 1

    B.    The Breach of Contract Claim Should Be Dismissed ........................................... 1

    C.    The Unjust Enrichment Claim Should Be Dismissed ........................................... 2

    D.    The NY GBL § 349(a) Claim Should Be Dismissed ............................................ 2

    E.    The Court Should Strike Plaintiffs' Nationwide Class Allegations ....................... 3

CONCLUSION ............................................................................................................................. 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aseltine v. Panera, Inc.*,
  Case No. RG21098794 (Alameda Cnty. Super. Ct., May 18, 2022) ......................................... 2

*Atik v. Welch Foods, Inc.*,
  2016 U.S. Dist. LEXIS 106497 (E.D.N.Y. Aug. 5, 2016) ....................................................... 2

*Bassaw v. United Industries Corp.*,
  482 F. Supp. 3d 80 (S.D.N.Y. 2020) ....................................................................................... 1

*Borgese v. Baby Breeza Enters. LLC*,
  No. 20 Civ. 1180, 2021 U.S. Dist. LEXIS 30216 (S.D.N.Y. Feb. 18, 2021) ........................... 3

*Bristol-Myers Squibb Co. v. Superior Court of Cal.*,
  137 S. Ct. 1773 (2017) ............................................................................................................ 1

*Civello v. Conopco, Inc.*,
  No. 20 Civ. 1173, 2021 U.S. Dist. LEXIS 231922 (S.D.N.Y. Dec. 3, 2021) .......................... 2

*Cox v. Spirit Airlines, Inc.*,
  786 F. App'x 283 (2d Cir. 2019) ............................................................................................. 1

*Dover v. Brit. Airways, PLC (UK)*,
  12-CV-5567, 2017 WL 4358726 (E.D.N.Y. Sept. 29, 2017) ................................................... 2

*Ebin v. Kangadis Food Inc.*,
  No. 13 Civ. 3211, 2013 U.S. Dist. LEXIS 174174 (S.D.N.Y. Dec. 11, 2013) ........................ 3

*Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*,
  No. 12 Civ. 6390, 2013 WL 1775440 (S.D.N.Y. Apr. 25, 2013) ............................................ 1

*Fink v. Time Warner Cable*,
  810 F. Supp. 2d 633 (S.D.N.Y. 2011) ..................................................................................... 1

*Fishon v. Peloton Interactive, Inc.*,
  No. 19-cv-1171, 2020 U.S. Dist. LEXIS 208861 (S.D.N.Y. Nov. 9, 2020) ............................ 3

*Flores v. EMC Mortg. Co.*,
  997 F. Supp. 2d 1088 (E.D. Cal. 2014) ................................................................................... 2

*Glaski v. Bank of Am.*,
  218 Cal. App. 4th 1079 (2013) ................................................................................................ 2

*In re Grand Theft Auto Video Game Consumer*,
    251 F.R.D. 139 (S.D.N.Y. 2008) ...............................................................................3

*Hughes v. Ester C Co.*,
    317 F.R.D. 333 (E.D.N.Y. 2016) ...............................................................................3

*Jim Ball Pontiac-Buick-GMC, Inc.v. DHL Exp. (USA), Inc.*,
    No. 08-cv-761C, 2011 U.S. Dist. LEXIS 20758 (W.D.N.Y. Mar. 2, 2011),
    *leave to appeal denied*; 2011 U.S. App. LEXIS 26823 (2d Cir. 2011) ......................3

*Orlander v. Staples, Inc.*,
    802 F.3d 289 (2d Cir. 2015)........................................................................................3

*Rodman v. Safeway Inc.*,
    125 F. Supp. 3d 922 (N.D. Cal. 2015), *aff'd*, 694 F. App'x 612 (9th Cir. 2017) .......2

*Rodriguez v. It's Just Lunch, Int'l*,
    300 F.R.D. 125 (S.D.N.Y. 2014) ...............................................................................3

*Ross v. Panda Rest. Grp., Inc.*,
    21-STCV-03662 (Super. Ct. Cal. 2021) ....................................................................2

*Sacred Heart Health Sys. v. Humana Military Healthcare Servs.*,
    601 F.3d 1159 (11th Cir. 2010) .................................................................................3

*Spagnola v. Chubb Corp.*,
    264 F.R.D. 76 (S.D.N.Y. 2010) .................................................................................3

*Spagnola v. Chubb Corp.*,
    574 F.3d 64 (2d Cir. 2009).........................................................................................2

*Thomas v. Ashcroft*,
    470 F.3d 491 (2d Cir. 2006).......................................................................................1

**Statutes**

NY GBL § 349(a) ..........................................................................................................2, 3

## LEGAL ARGUMENT

### A.     Ms. Ukpere Has Not Made a Prima Facie Showing of Personal Jurisdiction

The Opposition ("Opp.") confirms that Ms. Ukpere cannot make a prima facie showing of personal jurisdiction. (*See* Dkt. 39 ("Opp.") at 3.) First, Plaintiffs do not point to allegations in the pending complaint (Dkt. 16 ("FAC")) to make any such showing.[1] *Thomas v. Ashcroft*, 470 F.3d 491, 495 (2d Cir. 2006). They instead argue that Ms. Ukpere "may have" seen CFA's marketing and "may have placed a delivery" in New York. (Opp. at 3.) But rank speculation is insufficient, particularly given the allegations—Ms. Ukpere is a New Jersey resident who, while in New Jersey, made purchases from a CFA restaurant in New Jersey (FAC ¶¶ 14, 53, 59)—indicating that the events underlying Ms. Ukpere's claims have no connection to New York.[2] Second, Plaintiffs ask the Court "to assume" jurisdiction based on "New York and New Jersey's proximity." (Opp. at 3.) But any such exercise of personal jurisdiction over non-residents with no connection to New York would render the doctrine of personal jurisdiction a nullity. Third, Plaintiffs argue that judicial economy and the potential for inconsistent rulings warrant an application of personal jurisdiction, but such considerations tip the scale in CFA's favor. Fourth, jurisdictional discovery aids neither this Court nor the parties, as Plaintiffs offer "only speculations or hopes . . . that further connections to [the forum] will come to light." *Eternal Asia Supply Chain Mgmt. (USA) Corp. v. Chen*, No. 12 Civ. 6390, 2013 WL 1775440, at *10 (S.D.N.Y. Apr. 25, 2013) (alternations in original) (citation omitted). Fifth, Plaintiffs do not even respond to (let alone refute) CFA's showing that this Court lacks general jurisdiction over CFA. Accordingly, Ms. Ukpere's claims should be dismissed with prejudice.

### B.     The Breach of Contract Claim Should Be Dismissed

In a concession that the FAC's contract claim is insufficient, Plaintiffs argue that their PSAC is sufficient to state a claim. (Opp at 3-4.) They contend that the PSAC alleges: (1) what a customer might see on the order screen of CFA's mobile app and website; and (2) that the parties "contracted for food delivery services, as embodied in the representations made in the [CFA] app and website[.]" (*id.* (citing PSAC ¶¶ 46–49, 92.)) These "representations" of "low-cost delivery promises" that "often" appear on the order screen (PSAC ¶¶ 46–47) do not identify the contract's terms or which "representations" were breached. Plaintiffs' failures to plead the terms and identify a breach are fatal to their claim. Indeed, New York and New Jersey law are clear that a "contract claim will be dismissed where a plaintiff fails to allege the essential terms of the parties' purported contract, including the specific provisions of the contract upon which liability is predicated." *Fink v. Time Warner Cable*, 810 F. Supp. 2d 633, 644–45 (S.D.N.Y. 2011) (citation omitted).

In addition, the authority cited by Plaintiffs is insufficient to save their contract claim. In *Cox v. Spirit Airlines, Inc.*, the plaintiffs pleaded a contract as to price, destination, and travel dates,

---

[1] The Court has not yet ruled on Plaintiffs' request for leave to file a Proposed Second Amended Complaint (Dkt. 28-1 ("PSAC")). As the PSAC does not resolve the jurisdictional defect, leave would be futile as to Ms. Ukpere's claims.
[2] *See Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773, 1781 (2017). Plaintiffs argue that lower courts remain split on whether *Bristol-Myers* applies to class actions in federal court and that the Second Circuit has not addressed the issue. (Opp. at 3.) But Plaintiffs' cited case, *Bassaw v. United Industries Corp.*, shows only that some courts question whether *Bristol-Myers* applies to *unnamed* class members, not a *named* plaintiff's claims.

-1-

and they alleged that the price barred other costs.  786 F. App'x 283, 286 (2d Cir. 2019) (summ. order).  Here, by contrast, the FAC and PSAC offer vague references to "representations" made in the CFA mobile app and website without alleging the precise terms forming the contract.  (PSAC ¶¶ 46–47.)  In *Ross v. Panda Rest. Grp., Inc.*, 21-STCV-03662 (Super. Ct. Cal. 2021), a California state court analyzed a contract claim in the context of a "delivery fee" and a "service fee" that the defendant was alleged to have hidden behind a hyperlink on its website's check-out screen.  (*See* Dkt. 39-2 at 2.)  Putting aside the factual distinctions, *Ross* was decided under "the lenient standards applied to demurrers," *Glaski v. Bank of Am.*, 218 Cal. App. 4th 1079, 1083 (2013), rather than under the Federal Rules' more exacting pleading standards.  *See Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1104 (E.D. Cal. 2014) (explaining that the plaintiff's reliance on a case decided under "the lenient standards applied to demurrers" was "unavailing" because it "addressed neither federal pleading requirements nor a [Rule] 12(b)(6) challenge").  In the remaining cases relied upon by Plaintiffs, the courts considered contract claims arising out of express terms of specific written contracts (unlike the vague allegations in the FAC and PSAC).  *See Dover v. Brit. Airways, PLC (UK)*, 12-CV-5567, 2017 WL 4358726, at *1 (E.D.N.Y. Sept. 29, 2017); *Rodman v. Safeway Inc.*, 125 F. Supp. 3d 922, 925 (N.D. Cal. 2015), *aff'd*, 694 F. App'x 612 (9th Cir. 2017).

Because Plaintiffs have not (and apparently cannot) plead the contract terms or breached provision in their FAC and PSAC, the contract claim should be dismissed without leave to amend.

### C.     The Unjust Enrichment Claim Should Be Dismissed

In its initial Memorandum of Law, CFA set forth five reasons why Plaintiffs' unjust enrichment claim requires dismissal.  Plaintiffs failed to respond to *any* of CFA's arguments, conceding that their unjust enrichment claim fails for each of these reasons.  (*See* Opp. at 7.)

### D.     The NY GBL § 349(a) Claim Should Be Dismissed

This Court and the Second Circuit (in authority cited by Plaintiffs) dismiss NY GBL § 349(a) claims as a matter of law.  *See Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009); *Civello v. Conopco, Inc.*, No. 20 Civ. 1173, 2021 U.S. Dist. LEXIS 231922, at *6 (S.D.N.Y. Dec. 3, 2021).

New York's reasonable consumer standard is equivalent to the standard imposed by California's consumer protection statutes.  *See Atik v. Welch Foods, Inc.*, 2016 U.S. Dist. LEXIS 106497, at *25 (E.D.N.Y. Aug. 5, 2016).  In *Aseltine v. Panera, Inc.,* the California court sustained Panera's demurrer finding Panera's delivery menu price inflation "does not misinform the consumer," no reasonable consumer would be misled by the same allegedly deceptive practices at issue in this case, and the California consumer protection statute claims lacked merit and failed as a matter of law.  Case No. RG21098794 (Alameda Cnty. Super. Ct., May 18, 2022) (Complaint and Order attached hereto as composite Exhibit A).[3]  For these same reasons, Plaintiffs' NY GBL § 349(a) claim fails: "The [CFA] menu for delivery food is allegedly misleading only when compared to the [CFA] menu for pick up food because they are the same food but the delivery

---

[3] The *Aseltine* court did not follow *Ross v. Panda Rest. Grp., Inc.* case highlighted by Plaintiffs.  That is, perhaps, because *Ross* is inapposite.  *Ross* dealt with a deceptively-identified "service fee."

food has a higher price. . . . If a consumer were comparing the two products, then they would see that the prices were different." *Id.*

Plaintiffs' NY GBL § 349(a) claim fails for the independent reason that they do not allege that they received food worth less than the amount they agreed to pay because of the challenged conduct. Unlike the case law Plaintiffs rely upon, Plaintiffs got what they paid for—the service of food delivered to their doorstep. *Contra Orlander v. Staples, Inc.*, 802 F.3d 289, 301 (2d Cir. 2015) (plaintiff did not get first year of two-year computer protection plan he paid for); *Fishon v. Peloton Interactive, Inc.*, No. 19-cv-1171, 2020 U.S. Dist. LEXIS 208861, at *29-34 (S.D.N.Y. Nov. 9, 2020) (plaintiffs did not get access to "ever-growing" library of fitness classes they subscribed to); *Ebin v. Kangadis Food Inc.*, No. 13 Civ. 3211, 2013 U.S. Dist. LEXIS 174174, at *2–3 (S.D.N.Y. Dec. 11, 2013) (plaintiff got pomace when he paid for olive oil).

### E.     The Court Should Strike Plaintiffs' Nationwide Class Allegations

Plaintiffs oppose CFA's motion to strike the nationwide class, arguing simply that the basic elements of breach of contract and unjust enrichment are the same across states. But Plaintiffs ignore the numerous variations in state laws relevant to their breach of contract claim, including the use of extrinsic evidence[4] and the application of the voluntary payment doctrine.[5] Plaintiffs similarly ignore the variations in state law pertaining to their unjust enrichment claim—such as whether an unjust enrichment claim exists only in the absence of a contract, whether no adequate legal remedy must exist, whether a plaintiff must prove actual loss, and the requisite nature of the parties' underlying relationship. *See, e.g., Hughes v. Ester C Co.*, 317 F.R.D. 333, 353 (E.D.N.Y. 2016); *Rodriguez v. It's Just Lunch, Int'l*, 300 F.R.D. 125, 142–43 (S.D.N.Y. 2014); *see also In re Grand Theft Auto Video Game Consumer*, 251 F.R.D. 139, 148–49 (S.D.N.Y. 2008).

Plaintiffs' attempt to distinguish *Borgese* as a product-defect case ignores the rationale of this Court's decision, which focused on the many variations in state laws implicated. *Borgese v. Baby Breeza Enters. LLC*, No. 20 Civ. 1180, 2021 U.S. Dist. LEXIS 30216, at *8 (S.D.N.Y. Feb. 18, 2021). Like the *Borgese* complaint, Plaintiffs' FAC (and the PSAC) fails because it does not allege *any* common legal issues. Finally, although Plaintiffs attempt to rely on a choice of law provision contained in CFA's Terms of Service, they have already alleged that these terms do not bind potential class members (which CFA disputes).[6] (FAC ¶¶ 28–30.)

### CONCLUSION

CFA respectfully requests that the Court grant its Motion to Dismiss and/or strike Plaintiffs' nationwide class allegations.

---

[4] *Jim Ball Pontiac-Buick-GMC, Inc.v. DHL Exp. (USA), Inc.*, No. 08-cv-761C, 2011 U.S. Dist. LEXIS 20758, at *19–20 (W.D.N.Y. Mar. 2, 2011), *leave to appeal denied*; 2011 U.S. App. LEXIS 26823 (2d Cir. 2011); *accord Sacred Heart Health Sys. v. Humana Military Healthcare Servs.*, 601 F.3d 1159, 1177 (11th Cir. 2010).
[5] *Spagnola v. Chubb Corp.*, 264 F.R.D. 76, 98–99 (S.D.N.Y. 2010).
[6] If CFA's Terms of Service are in fact binding, Plaintiffs' claims are barred because the Terms of Service disclosed the menu price inflation challenged by Plaintiffs.

Dated: New York, New York
      July 6, 2022

Respectfully submitted,

*/s/ Kalama M. Lui-Kwan*
Kalama M. Lui-Kwan
Daniel E. Gorman
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
Telephone: 212.704.6000
Facsimile: 212.704.6288

Lindsey B. Mann (admitted pro hac vice)
Kathleen Campbell (admitted pro hac vice)
Troutman Pepper Hamilton Sanders LLP
600 Peachtree Street NE, Suite 3000
Atlanta, Georgia 30308
Telephone: 404.885.3000
Facsimile: 404.885.3900

*Attorneys for Defendant Chick-fil-A, Inc.*